# EXHIBIT A

RECEIVED

DEC 2 1 2018

Clerk of the Circuit Court
Montgomery County, Md.

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>

(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER <u>460995-V</u>
(Clerk to insert)

CASE NAME: <u>Diana Membreno</u>              vs. <u>Atlanta Restaurant Partners, LLC et al.</u>
　　　　　　　　　Plaintiff　　　　　　　　　　　　　　　　　　　Defendant

PARTY'S NAME: Diana Membreno                    PHONE: (301) 979-1647

PARTY'S ADDRESS: 4723 Baltimore Avenue Hyattsville, MD 20781

PARTY'S E-MAIL: dayana.membreno@gmail.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Jonathan C. Puth              PHONE: (202) 602-6500

PARTY'S ATTORNEY'S ADDRESS: 1400 16th St. NW, Suite 450, Washington, DC 20036

PARTY'S ATTORNEY'S E-MAIL: jputh@correiaputh.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: _____ hours ___5___ days

### PLEADING TYPE

New Case: ☒Original          ☐Administrative Appeal    ☐Appeal

Existing Case: ☐Post-Judgment    ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

| TORTS | PROPERTY | PUBLIC LAW | OTHER / EQUITY |
|---|---|---|---|
| ☐ Asbestos | ☐ Government | ☐ Constructive Trust | |
| ☐ Assault and Battery | ☐ Insurance | PUBLIC LAW | ☐ Contempt |
| ☐ Business and Commercial | ☐ Product Liability | ☐ Attorney Grievance | ☐ Deposition Notice |
| ☐ Conspiracy | PROPERTY | ☐ Bond Forfeiture Remission | ☐ Dist Ct Mtn Appeal |
| ☐ Conversion | ☐ Adverse Possession | ☐ Civil Rights | ☐ Financial |
| ☐ Defamation | ☐ Breach of Lease | ☐ County/Mncpl Code/Ord | ☐ Grand Jury/Petit Jury |
| ☐ False Arrest/Imprisonment | ☐ Detinue | ☐ Election Law | ☐ Miscellaneous |
| ☐ Fraud | ☐ Distress/Distrain | ☐ Eminent Domain/Condemn. | ☐ Perpetuate Testimony/Evidence |
| ☐ Lead Paint - DOB of | ☐ Ejectment | ☐ Environment | ☐ Prod. of Documents Req. |
| Youngest Plt: _____ | ☐ Forcible Entry/Detainer | ☐ Error Coram Nobis | ☐ Receivership |
| ☐ Loss of Consortium | ☐ Foreclosure | ☐ Habeas Corpus | ☐ Sentence Transfer |
| ☐ Malicious Prosecution | ☐ Commercial | ☐ Mandamus | ☐ Set Aside Deed |
| ☐ Malpractice-Medical | ☐ Residential | ☐ Prisoner Rights | ☐ Special Adm. - Atty |
| ☐ Malpractice-Professional | ☐ Currency or Vehicle | ☐ Public Info. Act Records | ☐ Subpoena Issue/Quash |
| ☐ Misrepresentation | ☐ Deed of Trust | ☐ Quarantine/Isolation | ☐ Trust Established |
| ☐ Motor Tort | ☐ Land Installments | ☐ Writ of Certiorari | ☐ Trustee Substitution/Removal |
| ☐ Negligence | ☐ Lien | | ☐ Witness Appearance-Compel |
| ☐ Nuisance | ☐ Mortgage | EMPLOYMENT | PEACE ORDER |
| ☐ Premises Liability | ☐ Right of Redemption | ☐ ADA | ☐ Peace Order |
| ☐ Product Liability | ☐ Statement Condo | ☐ Conspiracy | EQUITY |
| ☐ Specific Performance | ☐ Forfeiture of Property / | ☒ EEO/HR | ☐ Declaratory Judgment |
| ☐ Toxic Tort | Personal Item | ☐ FLSA | ☐ Equitable Relief |
| ☐ Trespass | ☐ Fraudulent Conveyance | ☐ FMLA | ☐ Injunctive Relief |
| ☐ Wrongful Death | ☐ Landlord-Tenant | ☐ Workers' Compensation | ☐ Mandamus |
| CONTRACT | ☐ Lis Pendens | ☒ Wrongful Termination | OTHER |
| ☐ Asbestos | ☐ Mechanic's Lien | INDEPENDENT | ☐ Accounting |
| ☐ Breach | ☐ Ownership | PROCEEDINGS | ☐ Friendly Suit |
| ☐ Business and Commercial | ☐ Partition/Sale in Lieu | ☐ Assumption of Jurisdiction | ☐ Grantor in Possession |
| ☐ Confessed Judgment | ☐ Quiet Title | ☐ Authorized Sale | ☐ Maryland Insurance Administration |
| (Cont'd) | ☐ Rent Escrow | ☐ Attorney Appointment | ☐ Miscellaneous |
| ☐ Construction | ☐ Return of Seized Property | ☐ Body Attachment Issuance | ☐ Specific Transaction |
| ☐ Debt | ☐ Right of Redemption | ☐ Commission Issuance | ☐ Structured Settlements |
| ☐ Fraud | ☐ Tenant Holding Over | | |

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☒ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☒ Judgment-Declaratory
- ☐ Judgment-Default

- ☒ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☒ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded. ☐Liability is not conceded, but is not seriously in dispute.☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | | |
|---|---|---|---|---|---|
| A. Mediation | ☒Yes | ☐No | C. Settlement Conference | ☒Yes | ☐No |
| B. Arbitration | ☐Yes | ☒No | D. Neutral Evaluation | ☐Yes | ☒No |

## SPECIAL REQUIREMENTS

☒ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*     ***(Case will be tracked accordingly)***

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☒ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

- ☐ **Expedited**- Trial within 7 months of Defendant's response
- ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response      ☐ **Standard** - Trial within 18 months of Defendant's response

### *IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff ............................. . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

---

December 21, 2018
Date

Correia & Puth, PLLC, 1400 16th St., Suite 450
Address

Washington      DC      20036
City      State      Zip Code

Signature of Counsel / Party

Jonathan C. Puth
Printed Name

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

DIANA MEMBRENO )
4723 Baltimore Avenue )
Hyattsville, MD 20781 )
)
      Plaintiff, )
)
      v. )
)
ATLANTA RESTAURANT PARTNERS, LLC )
1760 Peachtree St., Suite 200 )
Atlanta, Georgia 30309 )
   Serve Resident Agent: )
     Burgess Law, LLC )
     8640 Ridgely's Choice Dr., Ste 201A )
     Nottingham, MD 21236, )
)
JACKMONT ADMINSTRATIVE SERVICES, )
LLC )
1760 Peachtree St., Suite 200 )
Atlanta, Georgia 30309 )
   Serve Registered Agent: )
     Daniel J. Halpern )   Civil No. _____4L0995-V
     1760 Peachtree St., Suite 200 )
     Atlanta, GA 30309, )
)
JACKMONT HOSPITALITY, INC. )
1760 Peachtree St., Suite 200 )
Atlanta, Georgia 30309 )
   Serve Registered Agent: )
     Daniel J. Halpern, CEO )
     1760 Peachtree St., Suite 200 )
     Atlanta, GA 30309, )
)
TGI FRIDAY'S )
12281 Tech Rd. )
Silver Spring, MD 20904 )
   Serve: )
     Kevin Smith )
     General Manager )
     12281 Tech Rd. )
     Silver Spring, MD 20904, )
)
      Defendants. )
)

RECEIVED

DEC 2 1 2018

Clerk of the Circuit Court
Montgomery County, Md.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**
**Gender Identity Discrimination, Sex Discrimination, and Hostile Work Environment in
Violation of the Montgomery County Human Rights Law and the Maryland Fair
Employment Practices Act**

COMES now the Plaintiff, Diana Membreno, by and through her attorneys Correia &
Puth, PLLC, and for her Complaint states as follows:

1.      Despite a successful nine-year career with TGI Friday's marked by raises,
promotions, and awards and absence of discipline, Defendants subjected Diana Membreno to a
hostile work environment and fired her in January 2017 because she is transgender. Beginning
in 2007, Ms. Membreno transitioned to conform her outward appearance with her gender identity
(female), use the name "Diana," and be referred to by female pronouns. One of Defendants'
Managers, however, routinely referred to Ms. Membreno as a "man" and with male pronouns,
refused to call her "Diana," prohibited her from using the women's restroom, treated her with
hostility, and reduced her work hours. Similarly, Defendants' Kitchen Manager repeatedly
called Ms. Membreno "culero" (a vulgar slur meaning "faggot"), pushed her physically, cut her
hours, and hurled degrading insults at her. Nonetheless, Ms. Membreno worked hard and
performed well, and was chosen from among her peers to train personnel at new TGI Friday's
locations operated by Defendants in other cities. When a different manager who had been
supportive of her transferred to another location in late 2016, however, the Kitchen Manager told
Ms. Membreno she had no one left to protect her. Defendants terminated Ms. Membreno within
two months on false pretenses based on a supposed unexcused absence. By subjecting Ms.
Membreno to a hostile environment and unlawfully discharging her, Defendants discriminated
against Ms. Membreno because of her gender identity and her sex in violation of county and
state law.

2

## PARTIES

2. Plaintiff Diana Membreno is an adult female resident of Maryland. Plaintiff is transgender.

3. Defendant Atlanta Restaurant Partners, LLC is a Georgia corporation authorized to do business in Maryland, and is doing business in Montgomery County at the 12281 Tech Rd. location of TGI Friday's in Silver Spring, MD. Defendant Atlanta Restaurant Partners, LLC is an employer within the meaning of the Montgomery Cty. Code § 27-6 and Md. Code Ann., State Gov't § 20-601(d).

4. Defendant Jackmont Administrative Services, LLC is a Georgia corporation doing business in the State of Maryland in Montgomery County at the 12281 Tech Rd. location of TGI Friday's in Silver Spring, MD. Defendant Jackmont Administrative Services, LLC is an employer within the meaning of the Montgomery Cty. Code § 27-6 and Md. Code Ann., State Gov't § 20-601(d).

5. Defendant Jackmont Hospitality, Inc. is a Georgia corporation doing business in the State of Maryland in Montgomery County at the 12281 Tech Rd. location of TGI Friday's in Silver Spring, MD. Defendant Jackmont Hospitality, Inc. is an employer within the meaning of the Montgomery Cty. Code § 27-6 and Md. Code Ann., State Gov't § 20-601(d).

6. Each of the above-named Defendants (Atlanta Restaurant Partners, LLC, Jackmont Administrative Services, LLC, and Jackmont Hospitality, Inc.) paid wages to Plaintiff Membreno for work she performed at the TGI Friday's location at 12281 Tech Road, Silver Spring, Maryland 20904. Those entities are hereinafter referred to collectively as "Defendants" or "TGI Friday's."

3

## JURISDICTION

7.     This Court has original jurisdiction over this action pursuant to Md. Code Ann.,
Cts. & Jud. Proc., § 1-501 because this action arises under the laws of Montgomery County,
Montgomery Cty. Code § 27-19, and the State of Maryland, Md. Code Ann., State Gov't § 20-606.

8.     This Court has personal jurisdiction over Defendants pursuant to Md. Code Ann.,
Cts. & Jud. Proc., § 6-103(b)(1), because Defendants transact business in the State of Maryland,
including in Montgomery County at the TGI Friday's location at 12281 Tech Road, Silver
Spring, Maryland.

9.     Venue properly lies in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc., §
6-201(a) because most of the acts and omissions complained of herein occurred in Montgomery
County, Maryland.

10.     In March 2017, Ms. Membreno timely filed a charge of discrimination on the
basis of sex and gender identity with a state or federal agency charged with civil rights
enforcement. Specifically, Ms. Membreno filed her charge with the Maryland Commission on
Civil Rights, which was cross-filed with the U.S. Equal Employment Opportunity Commission.
In her charge, Ms. Membreno alleged that TGI Friday's subjected her to a hostile work
environment and that it terminated her on January 4, 2017 for discriminatory reasons. Ms.
Membreno filed her charge less than three months after TGI Friday's fired her.

11.     More than 45 days have elapsed since Ms. Membreno filed her charge of
discrimination, and less than two years have elapsed since TGI Friday's terminated Ms.
Membreno's employment.

4

## FACTS GIVING RISE TO RELIEF

12.     Ms. Membreno is a 37 year old transgender woman. Although she was designated as male at birth, Ms. Membreno has a gender-related appearance, expression, image, identity, and behavior of a female. For over a decade, she has expressed and presented her gender as female, used female pronouns, and used the name "Diana." As part of her transition, Ms. Membreno has undertaken gender-affirming therapies and procedures.

13.     By wearing female clothes, using a female name, and undergoing gender-affirming therapies, Ms. Membreno does not conform to the stereotypes associated with her assigned sex and/or gender at birth, male.

14.     In 2014, Ms. Membreno legally changed her name to "Diana."

15.     Transition is the process by which a person brings their outer appearance into closer alignment with their gender identity, or affirmed gender.

16.     Treatment does not make a transgender person more of a man or more of a woman; rather, the person's gender identity already exists and defines their gender, just as it does for non-transgender people.

17.     By the time she began work with TGI Friday's in 2007, Ms. Membreno had undertaken changes to conform her gender-related appearance, expression, image, and behavior to her female gender identity.

18.     In response to an opening for an available position, Ms. Membreno interviewed for a job at TGI Friday's in late 2007 to work in the kitchen. Ms. Membreno presented as female in manner of dress and appearance, but her application listed her male name. She was told at the interview that TGI Friday's would call her with respect to available jobs, however no one from TGI Friday's contacted her to follow up.

19.     Thereafter, Ms. Membreno applied for the same job at TGI Friday's dressed in men's clothing. Defendants' General Manager Patricia hired her for the position. Ms. Membreno worked as an employee of the TGI Friday's kitchen staff beginning in late 2007.

20.     After her hire, Ms. Membreno wore female-gendered clothing to work, grew her hair longer, used the women's restroom, and requested that co-workers and superiors call her by her chosen name "Diana."

21.     Notwithstanding Ms. Membreno's gender identity, outward appearance as female, and her chosen name, General Manager Patricia outwardly and frequently expressed hostility toward Ms. Membreno's gender identity and expression. For instance, even though Ms. Membreno presented as female and requested that she be referred to as a female and by the name Diana, Patricia repeatedly called Ms. Membreno a "man" and referred to her by male pronouns. Patricia intentionally introduced Ms. Membreno to new hires using her male name and wrote her male name on shift schedules.

22.     Ms. Membreno asked Defendants' Manager Patricia to change her name in Defendants' computer systems to "Diana." Patricia refused to do so.

23.     Patricia also exhibited hostility toward Ms. Membreno for using the women's restroom, even though it caused no apparent disruption to the workplace. In the summer of 2010, for instance, Defendants' Manager Patricia called Ms. Membreno into her office and stated that she could no longer use the women's restroom because Patricia had received complaints that it was dirty, specifically that the toilet seats were wet. Patricia claimed that Ms. Membreno had caused the mess by urinating standing up like a man. Ms. Membreno was embarrassed and ashamed by Patricia's accusations. Patricia's harassment toward Ms. Membreno because of her

restroom use caused Ms. Membreno to limit her water intake and otherwise avoid using the restroom over the course of her entire shift.

24.     Patricia reduced Ms. Membreno's schedule from four days per week to two for no apparent reason.   Additionally, whenever Patricia determined a shift that Ms. Membreno was working was overstaffed, Patricia always chose Ms. Membreno to be sent home first, while non-transgender employees were not treated in this manner.

25.     In 2011, Mr. Mark Morris became General Manager at Defendants' Silver Spring TGI Friday's location.   Unlike Patricia, Mr. Morris was not hostile toward Ms. Membreno and he used her chosen name and gender pronouns.

26.     Ms. Membreno's work performance met and exceeded Defendants' expectations. In or around 2012, Defendants gave Ms. Membreno additional responsibilities as an assistant to the Kitchen Manager.  Because of her good work and additional responsibilities, Ms. Membreno was awarded several raises, resulting in her pay increasing from $9.00 per hour to $14.50 per hour.

27.     As a result of her strong work performance and mastery of various cooking responsibilities, Ms. Membreno was selected in 2012 to attend a three-day training in Columbia, Maryland to qualify her to serve as a trainer of kitchen staff for other TGI Friday's locations in and outside of Maryland.  Defendants sent Ms. Membreno to Atlanta in 2012 and to Baltimore in 2016 for several weeks each in order to train staff and assist with the opening of new TGI Friday's restaurants in those cities.

28.     A coworker named Daniela also expressed hostility toward Ms. Membreno because of her gender identity.  For instance, when male colleagues appeared to express romantic interest in Ms. Membreno, Daniela intervened with hostility, outed Ms. Membreno as

transgender, and told male colleagues that Ms. Membreno was a "man." Daniela expressed disdain toward Ms. Membreno and told her, "You're never going to be a woman like me." Ms. Membreno complained to Mr. Morris about the hostile work environment fostered by Daniela in or around 2014.

29. TGI Friday's promoted Mr. Roberto Lainez to Kitchen Manager in or around 2015. Mr. Lainez routinely subjected Ms. Membreno to hostility because of her gender identity. Mr. Lainez referred to Ms. Membreno using male pronouns and repeatedly called her "culero," a vulgar and derisive slang term used in Central America for the word "faggot." Mr. Lainez called Ms. Membreno "culero" ("faggot") directly to her face, and referred to Ms. Membreno as "culero" ("faggot") in conversations with her coworkers.

30. On one occasion, after Mr. Lainez's earlier than usual arrival to work was noted by Ms. Membreno, Mr. Lainez marched at Ms. Membreno, aggressively asked, "What is your problem, culero?", and physically pushed her. Ms. Membreno felt humiliated by his comment and actions and began to cry. Ms. Membreno was anguished by his actions and left work early.

31. After Mr. Lainez learned that Ms. Membreno received a higher salary than he did, he told coworkers in Spanish, "How is it that that culero ("faggot") makes more than I do?"

32. Mr. Lainez told coworkers that he could not believe Ms. Membreno had a boyfriend, stating in Spanish, "How could a man want to be with another man?"

33. Because of her good work and dedication to her job, Defendants recognized Ms. Membreno as "Employee of the Month" twice in 2016, in February and again in June.

34. In June 2016, Ms. Membreno asked Mr. Lainez if she could take a day off, which he approved. As was the usual procedure, Mr. Lainez did not ask Ms. Membreno to find another employee to work her shift. After her day off, however, Mr. Lainez cut Ms. Membreno's hours.

While prior to that time Ms. Membreno had been scheduled to work four days per week, Mr. Lainez thereafter scheduled her to work three days per week. Additionally, Mr. Lainez took away Ms. Membreno's assistant responsibilities.

35.    Ms. Membreno complained to Defendants' General Manager Mr. Morris about Mr. Lainez's hostility toward her. Ms. Membreno told Mr. Morris that Mr. Lainez had cut her hours and took away her assistant responsibilities. Mr. Morris responded that he would speak to Mr. Lainez about the situation.

36.    Mr. Lainez told coworkers that Ms. Membreno makes too much money "for what she is," referring to her gender identity as a reason for reducing her hours.

37.    In approximately October 2016, Mr. Morris left as General Manager of Defendants' Silver Spring TGI Friday's location.

38.    After learning of Mr. Morris's departure, Mr. Lainez told Ms. Membreno in front of coworkers that she no longer has Mr. Morris to protect her. Mr. Lainez referred to Ms. Membreno by male pronouns and told coworkers, "He's not going to have anyone to defend him."

39.    Mr. Lainez stated in the workplace that Mr. Morris only protected Ms. Membreno because his daughter is "rara," which translates as "strange one" and is a Spanish slang term applied to lesbians.

40.    On November 17, 2016, Ms. Membreno sent Mr. Lainez a text message to request off the following Thursday, November 19. Mr. Lainez approved the request without requiring that Ms. Membreno find another employee to work her shift. Prior to that time, Ms. Membreno had been scheduled to work three days per week; Mr. Lainez thereafter scheduled her to work just two days per week.

41.     On December 21, 2016, Ms. Membrenos sent Mr. Lainez a text message to request off December 24. Mr. Lainez responded to Ms. Membreno's message with "Quien la va a cubrir?" or "Who will cover you?"

42.     Mr. Lainez's response surprised Ms. Membreno. In all the years she had worked with Defendants, she had never been asked to find another employee to cover her shift when requesting a day off. Additionally, Ms. Membreno knew of no other employee that had been told to find another employee to cover his or her shift when requesting a day off. Consequently, on her next scheduled shift on December 23, 2016, Ms. Membreno asked Shift Manager German whether she used the correct protocol to take December 24 off by texting Mr. Lainez notice of her request days in advance. German told Ms. Membreno that she could take the day off on December 24. German stated that she did use the correct protocol and that she was not required to find a replacement for the shift.

43.     On December 26, Ms. Membreno looked at the schedule and found that she was not scheduled for any hours for the following week.

44.     Ms. Membreno called Defendants and spoke to General Manager Kendrick Pittman. Mr. Pittman expressed surprise that Ms. Membreno was not on the schedule. He told Ms. Membreno that he would look into the issue and get back to her. Mr. Pittman never contacted Ms. Membreno.

45.     Ms. Membreno then communicated with John Faison, Director of Operations for Jackmont Hospitality, Inc., to ask about her hours and her job. Mr. Faison told Ms. Membreno that he would look into the situation and contact her back. Mr. Faison never contacted Ms. Membreno.

10

46.     On January 4, 2017, Ms. Membreno went to Defendants' Silver Spring TGI Friday's location to find out why she was not scheduled to work and to check her next-scheduled work hours. Mr. Pittman and Mr. Lainez informed Ms. Membreno that she was being terminated and handed her a termination form which stated that the reason for her termination was her failure to get her December 24, 2016 shift covered.

47.     Prior to January 4, 2017, Ms. Membreno had not received any prior discipline while working for Defendants.

48.     Prior to January 4, 2017, Ms. Membreno had not been informed of a protocol at Defendants' Silver Spring TGI Friday's location requiring employees to find another worker to fill shifts when taking a day off.

49.     Prior to January 4, 2017, no employee or agent for Defendants had issued any written discipline to Ms. Membreno.

50.     Prior to January 4, 2017, Ms. Membreno received no notice that not working on December 24 could result in termination.

### COUNT I
### Gender Identity Discrimination in Violation of the
### Montgomery County Human Rights Law

51.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

52.     Plaintiff is a transgender woman.

53.     Defendants took adverse actions against Ms. Membreno and terminated Ms. Membreno because of her gender identity.

54.     Defendants discriminated against Plaintiff because of her gender identity in violation of the Montgomery County Human Rights Law, Montgomery Cty. Code § 27-19.

55.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

56.     Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

## COUNT II
### Hostile Work Environment Based on Gender Identity in Violation of the Montgomery County Human Rights Law

57.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

58.     The adverse actions and crude, suggestive, unwelcome, and hostile behavior to which Plaintiff was subjected were severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment on the basis of her gender identity.

59.     Defendants are liable for the acts of their agents having created and maintained a hostile work environment

60.     Defendants knew or should have known about Defendants' harassing behavior and failed to reasonably respond to prevent or correct it.

61.     Defendants discriminated against Plaintiff because of her gender identity in violation of the Montgomery County Human Rights Law, Montgomery Cty. Code § 27-19.

62.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

63. Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

**COUNT III**
**Sex Discrimination in Violation of the**
**Montgomery County Human Rights Law**

64. Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

65. Plaintiff is a transgender woman and at all times identifies as, expresses herself, and is legally identified by the gender female.

66. As a transgender woman, Ms. Membreno does not conform to the stereotypes associated with her assigned sex and/or gender at birth, male.

67. Defendants took adverse actions against Ms. Membreno and terminated Ms. Membreno because of her sex.

68. Defendants discriminated against Plaintiff because of her sex in violation of the Montgomery County Human Rights Law, Montgomery Cty. Code § 27-19.

69. As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

70. Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

## COUNT IV
### Hostile Work Environment Based on Sex in Violation of the
### Montgomery County Human Rights Law

71.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

72.     Plaintiff is a transgender woman and at all times identifies as, expresses herself, and is legally identified by her gender, female.

73.     As a transgender woman, Ms. Membreno does not conform to the stereotypes associated with her assigned sex and/or gender at birth, male.

74.     The adverse actions and crude, suggestive, unwelcome, and hostile behavior to which Plaintiff was subjected were severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment on the basis of her sex.

75.     Defendants are liable for the acts of their agents having created and maintained a hostile work environment

76.     Defendants knew or should have known about Defendants' harassing behavior and failed to reasonably respond to prevent or correct it.

77.     Defendants discriminated against Plaintiff because of her sex in violation of the Montgomery County Human Rights Law, Montgomery Cty. Code § 27-19.

78.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

79.     Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

14

## COUNT V
### Gender Identity Discrimination in Violation of the
### Maryland Fair Employment Practices Act

80.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

81.     Plaintiff is a transgender woman.

82.     Defendants took adverse actions against Ms. Membreno and terminated Ms. Membreno because of her gender identity.

83.     Defendants discriminated against Plaintiff because of her gender identity in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606.

84.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff has suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

85.     Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

## COUNT VI
### Hostile Work Environment Based on Gender Identity in Violation of the
### Maryland Fair Employment Practices Act

86.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

87.     The adverse actions and crude, suggestive, unwelcome, and hostile behavior to which Plaintiff was subjected were severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment on the basis of her gender identity.

15

88.     Defendants are liable for the acts of their agents having created and maintained a hostile work environment

89.     Defendants knew or should have known about Defendants' harassing behavior and failed to reasonably respond to prevent or correct it.

90.     Defendants discriminated against Plaintiff because of her gender identity in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606.

91.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

92.     Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

### COUNT VII
### Sex Discrimination in Violation of the
### Maryland Fair Employment Practices Act

93.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

94.     Plaintiff is a transgender woman and at all times identifies as, expresses herself, and is legally identified by the gender female.

95.     As a transgender woman, Ms. Membreno does not conform to the stereotypes associated with her assigned sex and/or gender at birth, male.

96.     Defendants took adverse actions against Ms. Membreno and terminated Ms. Membreno because of her sex.

97.     Defendants discriminated against Plaintiff because of her sex in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606.

98.     As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff has suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

99.     Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.

### COUNT VIII
### Hostile Work Environment Based on Sex in Violation of the
### Maryland Fair Employment Practices Act

100.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-50 of this Complaint as if set out here in full.

101.     Plaintiff is a transgender woman and at all times identifies as, expresses herself, and is legally identified by her gender, female.

102.     As a transgender woman, Ms. Membreno does not conform to the stereotypes associated with her assigned sex and/or gender at birth, male.

103.     The adverse actions and crude, suggestive, unwelcome, and hostile behavior to which Plaintiff was subjected were severe or pervasive, affected the terms, conditions, or privileges of her employment, and created a hostile work environment on the basis of her sex.

104.     Defendants are liable for the acts of their agents having created and maintained a hostile work environment

105.     Defendants knew or should have known about Defendants' harassing behavior and failed to reasonably respond to prevent or correct it.

17

106. Defendants discriminated against Plaintiff because of her gender identity in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606.

107. As a direct and proximate cause of the discrimination to which she was subjected, Plaintiff suffered and continues to suffer lost wages and benefits, humiliation, indignity, and emotional distress.

108. Defendants committed these acts with reckless indifference to Plaintiff's protected rights, intentionally without legal justification or excuse, influenced by hate or with ill will or evil motive, in order to deliberately and willfully injure Plaintiff.


IN CONSIDERATION OF THE FOREGOING, Ms. Membreno respectfully requests that this Court order the following relief:

1. Declare Defendants' actions in violation of the Montgomery County Human Rights Law, Montgomery Cty. Code § 27-19;

2. Declare Defendants' actions in violation of the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606;

3. Enter judgment for Ms. Membreno and against Defendants on all counts contained herein;

4. Award Ms. Membreno reinstatement, back pay, and front pay;

5. Award Ms. Membreno compensatory damages in an amount to be determined by a jury;

6. Award Ms. Membreno punitive damages in an amount to be determined by a jury;

7. Award reasonable attorneys' fees, costs, expenses, pre-judgment interest, and post-judgment interest;

8. Award Ms. Membreno damages in an amount to exceed $75,000;

9. Award injunctive relief, requiring that Defendants adopt practices and policies in conformity with the requirements of the Montgomery County Code and Maryland Fair Employment Practices Act, including a compliance review of policies at TGI Friday's and similar relief to ensure non-discrimination on the basis of sex, gender identity, gender expression, and gender non-conforming people and requiring compliance with law; and

10. Grant such relief as this Court deems just and proper.

Respectfully submitted,

CORREIA & PUTH, PLLC

Jonathan C. Puth
Roshni C. Shikari (*pro hac vice* to follow)
Andrew M. Adelman (*pro hac vice* to follow)
Correia & Puth, PLLC
1400 16th St. NW, Suite 450
Washington, D.C. 20036
(202) 602-6500
jputh@correiaputh.com
rshikari@correiaputh.com
aadelman@correiaputh.com

*Counsel for Plaintiff Diana Membreno*

19

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues contained herein.

_____
Jonathan C. Puth
Roshni C. Shikari (*pro hac vice* to follow)
Andrew M. Adelman (*pro hac vice* to follow)
Correia & Puth, PLLC
1400 16th St. NW, Suite 450
Washington, D.C. 20036
(202) 602-6500
jputh@correiaputh.com
rshikari@correiaputh.com
aadelman@correiaputh.com

*Counsel for Plaintiff Diana Membreno*

## **VERIFICATION**

I, Diana Membreno, declare under penalty of perjury that I have read the foregoing

Complaint and that it is true to the best of my knowledge, information, and belief.

_____
Diana Membreno

☒ **CIRCUIT COURT** ☐ **DISTRICT COURT OF MARYLAND FOR** Montgomery County

<span style="margin-left:auto">City/County</span>

Located at 50 Maryland Ave., Rockville, MD 20850      Case No. 460995-V

<span>Court Address</span>

**STATE OF MARYLAND**

or

Diana Membreno                              vs.  Atlanta Restaurant Partners, LLC et al.

Plaintiff/Petitioner                                    Defendant/Respondent

## REQUEST FOR SPOKEN LANGUAGE INTERPRETER

Requests for interpreter should be submitted to the court not less than thirty (30) days before the proceeding for which the interpreter is requested.

Type of court proceeding:  ☐ Criminal  ☒ Civil  ☐ Traffic  ☐ Juvenile  ☐ Family  ☐ Other: _____

If this request is for Juvenile, please check the appropriate box:  ☐ Delinquent  ☐ Child in Need of Assistance (CINA)

☐ Child in Need of Supervision (CINS) ☐ Termination of Parental Rights (TPR) ☐ Adoption ☐ Other: _____

1. Hearing/trial date: _____ Time: _____ Courtroom: _____

☐ An interpreter is needed for THIS HEARING OR EVENT ONLY.

☒ I am a party (Plaintiff or Defendant) and need an interpreter FOR ALL HEARINGS & EVENTS RELATED TO THIS CASE, unless indicated otherwise.

2. Location of hearing/trial: _____      **3. LANGUAGE:** Spanish

**4. DIALECT:** _____ 5. Country & region where language is spoken (*do not omit*) El Salvador

Name of Person Requesting Interpreter: Jonathan C. Puth

Name of Person Who Needs Interpreter: Diana Membreno

Person Needing Interpreter is the:

☐ Defendant/Respondent      ☐ Attorney

☒ Plaintiff/Petitioner          ☐ Victim

☐ Victim's Representative (includes a family member or guardian of a victim who is a minor, deceased, or disabled)

☐ Witness for:  ☐ the Defendant/Respondent ☐ the State  ☐ the Plaintiff/Petitioner ☐ Other: _____

**NOTICE:  If a court hearing or proceeding is postponed or continued, you do not need to make a new interpreter request. An interpreter will be provided for the new hearing date.**

December 21, 2018

Date

Jonathan C. Puth                                   Signature of Applicant/Applicant's Attorney or Representative

Printed Name                                           (202) 602-6500

Correia & Puth, PLLC 1400 16th St. NW, Suite 450          Telephone Number

Address                                                 (202) 602-6501

Washington, DC 20036                                    Fax

City, State, Zip                                       jputh@correiaputh.com

                                                        E-mail

### CERTIFICATE OF SERVICE

I certify that I served a copy of this Motion / request upon the following party or parties by:
☒ mailing first class mail, postage prepaid ☐ hand delivery, on December 21, 2018 _____ to:

Date

See attached

Name                                                    Address

_____                                        _____

Name                                                    Address

_____                                        _____

Date                                                    Signature of Party Serving

**CC-DC-041** (Rev. 07/2015)

RECEIVED

DEC 21 2018

Clerk of the Circuit Court
Montgomery County, Md.

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December 2018, a copy of the foregoing Request

for Spoken Language Interpreter was filed with the Clerk of Court and served by certified mail

on the following parties:

ATLANTA RESTAURANT PARTNERS, LLC
1760 Peachtree St., Suite 200
Atlanta, Georgia 30309
<u>Serve Resident Agent</u>:
      Burgess Law, LLC
      8640 Ridgely's Choice Dr., Ste 201A
      Nottingham, MD 21236,

JACKMONT ADMINSTRATIVE SERVICES, LLC
1760 Peachtree St., Suite 200
Atlanta, Georgia 30309
<u>Serve Registered Agent</u>:
      Daniel J. Halpern
      1760 Peachtree St., Suite 200
      Atlanta, GA 30309,

JACKMONT HOSPITALITY, INC.
1760 Peachtree St., Suite 200
Atlanta, Georgia 30309
<u>Serve Registered Agent</u>:
      Daniel J. Halpern, CEO
      1760 Peachtree St., Suite 200
      Atlanta, GA 30309,

TGI FRIDAY'S
12281 Tech Rd.
Silver Spring, MD 20904
<u>Serve</u>:
      Kevin Smith
      General Manager
      12281 Tech Rd.
      Silver Spring, MD 20904

*Defendants*

Jonathan C. Puth
CORREIA & PUTH, PLLC
1400 16th Street, NW, Suite 450
Washington, DC 20036
(202) 602-6500
jputh@correiaputh.com

*Counsel for Plaintiff Diana Membreno*

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| DIANA MEMBRENO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 460995 - V |
| ATLANTA RESTAURANT PARTNERS, LLC; | ) |
| JACKMONT ADMINSTRATIVE | ) |
| SERVICES, LLC; JACKMONT HOSPITALITY, | ) |
| INC.; TGI FRIDAY'S | ) |
| | ) |
| Defendants. | ) |
| | ) |

## RULE 1-313 CERTIFICATE

Pursuant to Rule 1-313 of the Maryland Rules, Jonathan C. Puth hereby certifies that he

is admitted to practice law in the State of Maryland and is a member of the Bar in good standing.

Dated: December 21, 2018

Respectfully,

Jonathan C. Puth
CORREIA & PUTH, PLLC
1400 16th Street, NW, Suite 450
Washington, DC 20036
(202) 602-6500
jputh@correiaputh.com

*Counsel for Plaintiff Diana Membreno*

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
## WRIT OF SUMMONS
### (248)

### Case No: **460995-V**

TO:
**ATLANTA RESTAURANT PARTNERS LLC**
**1760 PEACHTREE ST SUITE #200**
**ATLANTA GA 30309**

(Service Address)
**BURGESS LAW LLC**
**8640 RIDGELY'S CHOICE DR**
**SUITE 201A**
**NOTTINGHAM MD 21236**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**DIANA MEMBRENO**

within **30** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: **12/27/2018**



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[ ] Served _____ on _____ at _____
              (Whom)                                      (Date)              (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
                   (Date)                    (Reason)

_____      [ ] Sheriff
    (Signature)

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
### (248)

## Case No: **460995-V**

TO:

**ATLANTA RESTAURANT PARTNERS LLC**
**1760 PEACHTREE ST SUITE #200**
**ATLANTA GA 30309**

(Service Address)
**BURGESS LAW LLC**
**8640 RIDGELY'S CHOICE DR**
**SUITE 201A**
**NOTTINGHAM MD 21236**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**DIANA MEMBRENO**

within **30** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: **12/27/2018**



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## RETURN

[ ] Served _____ on _____ at _____
          (Whom)                            (Date)             (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
                (Date)           (Reason)

_____ [ ] Sheriff
   (Signature)



**Barbara H. Meiklejohn**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397
December 27, 2018

RE:   Notice of New Case Number for
      DIANA MEMBRENO vs ATLANTA RESTAURANT PARTNERS LLC, ET AL
      Reference Case#:
      Case Type: DISCRIMINATION
                          (836)

Dear Sir/Madam:

     Please be advised that the above referenced case was received on

December 21, 2018, in the office of the Clerk for Montgomery County.

This matter has been assigned case number <u>460995-V</u>.  Please

include this case number on all future papers to be filed in this case.

                              Sincerely,

                              Clerk of the Circuit Court
                              for Montgomery County,
                              Maryland

ATLANTA RESTAURANT PARTNERS LLC
1760 PEACHTREE ST SUITE #200
ATLANTA GA 30309

NEWCASE 12/27/2018 09:31:50

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**DIANA MEMBRENO**
    Plaintiff

    v.

**ATLANTA RESTAURANT PARTNERS LLC; ET AL**
    Defendant

:
:
:
:
:
:
:
:
:

Case No. **460995-V**
COMPLAINT FILED ON: <u>12/21/2018</u>

### <u>Scheduling Order - Track 3</u>
(738)

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT:   [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | *<u>03/21/2019</u>* |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | *<u>04/18/2019</u>* |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | *<u>05/20/2019</u>* |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | *<u>07/17/2019</u>* |
| *DEADLINE: DISCOVERY COMPLETED* | *<u>09/03/2019</u>* |
| *DEADLINE: ADD'L PARTIES JOINDER* | *<u>09/10/2019</u>* |

**MEETING OF ALL COUNSEL, 09/16/2019 Time and place to be determined PLUS DEADLINES:**

| | |
|---|---|
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | *<u>09/16/2019</u>* |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | *<u>09/16/2019</u>* |
| *DEADLINE: ADR DEADLINE* | *<u>09/23/2019</u>* |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | *<u>09/16/2019</u>* |

**SETTLEMENT CONFERENCE/PRETRIAL HEARING, 10/03/2019 02:30 PM ATTENDANCE REQUIRED**

    *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.*

**TRIAL COUNSEL SHALL APPEAR** AT THE SETTLEMENT CONFERENCE/PRETRIAL HEARING, ACCOMPANIED BY THE PARTIES AND THE INDIVIDUAL(S) WITH AUTHORITY TO SETTLE THE CASE. **MOTIONS FILED IN TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES** INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 AND 2-341.

AFTER THE SETTLEMENT CONFERENCE, IF NEEDED, THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED. **[TRIAL DATE BETWEEN: 11/02/2019 AND 02/10/2020.]**

ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADVANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

*Robert A. Greenberg*
Robert A. Greenberg
Circuit Administrative Judge

**ATLANTA RESTAURANT PARTNERS LLC**
**1760 PEACHTREE ST SUITE #200**
**ATLANTA GA 30309**

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM.

CIVSCH03 12/27/2018 09:21:40

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**DIANA MEMBRENO**
    Plaintiff

        v.

**ATLANTA RESTAURANT PARTNERS LLC, ET AL**
    Defendant

:
:
:
:
: Case No. **460995-V**
: Judge:
:
:

## SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3
(1953)
### COMPLAINT FILED ON 12/21/2018

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1) <u>Proof of Service.</u> Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

    b) As to any Defendant not timely served, the Court may sever the case against that party.

    c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: <u>DEADLINE: 04/18/2019</u>**

    d) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

    e) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

    f) <u>**FAILURE TO SERVE A PARTY WILL NOT RESULT IN A MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER**</u>

2) <u>Answer or Other Responsive Pleading.</u> Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3) <u>Initial Discovery.</u> No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

    a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues

ATLANTA RESTAURANT PARTNERS LLC
1760 PEACHTREE ST SUITE #200
ATLANTA GA 30309

and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) <u>Discovery of Electronic Information</u>. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties should address the following:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
     i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the storage media on which the information shall be exchanged; and
     ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

7) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Date: 12/27/2018

*Robert A Greenberg*

Robert A. Greenberg
Circuit Administrative Judge

Questions? Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.

Page Two of Two

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**DIANA MEMBRENO**
**Plaintiff**

        :   **Case No. 460995-V**
    v.       :   Settlement Conference/
        :   Pretrial: <u>10/03/2019</u> time <u>2:30 PM</u>

**ATLANTA RESTAURANT PARTNERS LLC, ET AL**
**Defendant**

## ORDER FOR MANDATORY SETTLEMENT CONFERENCE/PRETRIAL HEARING - TRACK 3
(179)
**COMPLAINT FILED ON <u>12/21/2018</u>**

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this <u>27th day of December, 2018,</u> by the Circuit Court for Montgomery County, Maryland,

**ORDERED,** that parties, representatives with authority to settle a case, and trial counsel shall appear in court for a Settlement Conference and a subsequent Pretrial Hearing on the date set forth above. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Settlement/Pretrial Hearing and shall contain the following:

1. Nature of the Case: A brief, non-argumentative statement suitable for reading to a jury.

2. Claims and/or Defenses: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. Undisputed Issues and Facts: List all issues not in dispute and set forth stipulated facts.

4. Disputed Issues: List each disputed issue and the principal contentions of all parties respecting each.

5. Relief Sought: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. Citations: List any cases or statutes which need to be called to the Court's attention.

7. Pending Motions: List title, movant, and filing date of pending motions.

8. Witnesses: Name, address and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. Exhibits: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

ATLANTA RESTAURANT PARTNERS LLC
1760 PEACHTREE ST SUITE #200
ATLANTA GA 30309

CIVPT73 12/27/2018 05:21:40

10. Deposition Testimony: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. Pleadings and Discovery Responses: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. Demonstrative or Physical Evidence: Describe any items of non-testimonial, non-documentary evidence -- models, samples, objects, etc. -- to be utilized at trial.

13. Videotapes: Identify any videotapes to be shown to the jury and authority for doing so.

14. Requested Jury Selection Questions: Identify those agreed upon and include any objections made by either side.

15. Pattern Jury Instructions: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. Non-Pattern Jury Instructions: Supply complete text of each instruction, with authorities, on a separate page.

17. Verdict Sheet (if requested): Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. Settlement: Minimum demand; Maximum offer.

19. Estimated Length of Trial: _#_ days;

and it is further

**ORDERED,** that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days (**DEADLINE:** 09/16/2019) before the Mandatory Settlement Conference and Pretrial Hearing; and it is further,

**ORDERED,** that in cases that have not reached a settlement by the Settlement Conference and Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle participate in good faith in a Settlement Conference. It is further ordered that parties not reaching settlement proceed to a Pretrial Hearing before the Administrative Judge in order to set a trial date and resolve other pretrial issues.

Robert A. Greenberg
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK,
COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358.
QUESTIONS? PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Two of Two

IN THE CIRCUIT COURT FOR _____
<span style="font-size:small">(City or County)</span>

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

FORM FILED BY: ☐ PLAINTIFF ☐ DEFENDANT   CASE NUMBER _____
<span style="font-size:small">(Clerk to insert)</span>

CASE NAME: _____ vs. _____
   Plaintiff          Defendant

PARTY'S NAME: _____

PARTY'S ADDRESS: _____ PHONE: _____
<span style="font-size:small">(Daytime phone)</span>

PARTY'S E-MAIL: _____

If represented by an attorney:

PARTY'S ATTORNEY'S NAME: _____ PHONE: _____

PARTY'S ATTORNEY'S ADDRESS: _____

PARTY'S ATTORNEY'S E-MAIL: _____

JURY DEMAND? ☐ Yes ☐ No

RELATED CASE PENDING? ☐ Yes ☐ No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL: _____ hours or _____ days

### PLEADING TYPE

New Case:  ☐ Original          ☐ Administrative Appeal  ☐ Appeal
Existing Case:  ☐ Post-Judgment   ☐ Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 11/2016)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☐ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation    ☐ Yes  ☐ No        C. Settlement Conference   ☐ Yes  ☐ No
B. Arbitration   ☐ Yes  ☐ No        D. Neutral Evaluation        ☐ Yes  ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*

*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited- Trial within 7 months          ☐ Standard - Trial within 18 months of
   of Defendant's response                       Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ Expedited - Trial within 7 months      ☐ Standard - Trial within 18 months of
       of Defendant's response                      Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited           Trial 60 to 120 days from notice. Non-jury matters.

☐ Civil-Short         Trial 210 days from first answer.

☐ Civil-Standard     Trial 360 days from first answer.

☐ Custom             Scheduling order entered by individual judge.

☐ Asbestos           Special scheduling order.

☐ Lead Paint          Fill in: Birth Date of youngest plaintiff _____.

☐ Tax Sale Foreclosures   Special scheduling order.

☐ Mortgage Foreclosures   No scheduling order.

### CIRCUIT COURT FOR BALTIMORE COUNTY

☐ **Expedited**   Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District
(Trial Date-90 days)   Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ **Standard**   Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and
(Trial Date-240 days)   Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation
  Cases.

☐ **Extended Standard**   Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases
(Trial Date-345 days)   (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial
  of five or more days), State Insolvency.

☐ **Complex**   Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities,
(Trial Date-450 days)   Other Complex Cases.

_____
Date

_____
Address

_____
City, State, Zip

_____
Signature of Counsel / Party

_____
Printed Name