**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **DIANA MEMBRENO**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-CV-00369-PX |
| ) | |
| **ATLANTA RESTAURANT PARTNERS, LLC; JACKMONT ADMINSTRATIVE SERVICES, LLC; JACKMONT HOSPITALITY, INC.; & TGI FRIDAY'S** ) ) ) ) ) | Judge Paula Xinis |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS JACKMONT HOSPITALITY, INC. AND JACKMONT ADMINISTRATIVE SERVICES, LLC'S MOTION TO DISMISS**

The Jackmont Defendants' Motion to Dismiss alleges that Plaintiff did not plead enough facts to establish that Jackmont Hospitality, Inc. and Jackmont Administrative Services, LLC are proper defendants, however, Plaintiff on this date moves for leave to amend her Complaint to expound on her factual allegations in a manner that clarifies that both Jackmont Defendants employed Plaintiff Membreno, paid Plaintiff Membreno, own and operate the Silver Spring TGI Friday's where Plaintiff worked, were Plaintiff's joint employer, and received notice of and participated in the administrative process. *See* Defendants' Motion to Dismiss (Feb. 13, 2019) [ECF #12]; Plaintiff's Motion for Leave to Amend Complaint (Mar. 28, 2019) [ECF #21].[1]

Plaintiff's Motion for Leave to Amend Complaint and the facts of the First Amended Complaint amply address and should moot Defendants' Motion to Dismiss. "When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the

---

[1] This Court accorded Plaintiff fourteen days from March 14, 2019 to file her response to Defendants' Motion. *See* Paperless Order, Mar. 14, 2019 [ECF #20].

original complaint is superseded." *Venable v. Pritzker*, No. GLR-13-1867, 2014 U.S. Dist. LEXIS 73600, at *14 (D. Md. May 30, 2014) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint.")), *aff'd,* 610 F. App'x 341 (4th Cir. 2015); *Palmer v. Urgo Hotels, L.P.*, No. 8:18-cv-0085-PX, 2018 U.S. Dist. LEXIS 178481, at *6 (D. Md. Oct. 17, 2018) (Xinis, J.).

Because it is mooted by Plaintiff's First Amended Complaint, Defendants' Motion should be denied.[2]

Date:  March 28, 2019

Respectfully submitted,

CORREIA & PUTH, PLLC

  /s/ **Andrew M. Adelman**
Jonathan C. Puth (Bar No. 15131)
Roshni C. Shikari (admission to come)
Andrew M. Adelman (Bar No. 19449)
1400 16th Street, NW, Suite 450
Washington, D.C. 20036
Tel: (202) 602-6500
Fax: (202) 602-6501
jputh@correiaputh.com
rshikari@correiaputh.com
aadelman@correiaputh.com

*Counsel for Plaintiff Diana Membreno*

---

[2] Additional grounds for denial of Defendants' Motion are set forth in Plaintiff's Motion to Amend Complaint filed on this date, which is incorporated by reference herein.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March 2019, a true and accurate copy of the foregoing Plaintiff's Opposition to Defendants Jackmont Hospitality, Inc. and Jackmont Administrative Services, LLC's Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of the filing to:

Erica V. Mason
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., N.W., Suite 2400
Atlanta, GA 30303
emason@constangy.com

Jason D. Friedman
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033-3804
jfriedman@constangy.com

*Counsel for Defendants*

  */s/ Andrew M. Adelman*
Andrew M. Adelman (Bar No. 19449)
Correia & Puth, PLLC
1400 16th Street, NW, Suite 450
Washington, D.C. 20036
Tel: (202) 602-6500
Fax: (202) 602-6501
aadelman@correiaputh.com

*Counsel for Plaintiff Diana Membreno*