IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIANA MEMBRENO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-00369-PX |
| ATLANTA RESTAURANT PARTNERS, LLC, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

This employment discrimination action concerns the difficulties that transgender employees encounter all too routinely. Pending before the Court are Plaintiff's motion to remand (ECF No. 13), Defendants' motion to dismiss (ECF No. 12) and Plaintiff's motion to amend the Complaint. ECF No. 21. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court DENIES Plaintiff's motion to remand, GRANTS Plaintiff's motion to amend, and GRANTS in part and DENIES in part Defendants' motion to dismiss.

### I. Background[1]

Plaintiff Diana Membreno was employed by TGI Fridays from 2007 to 2017. ECF No. 21-1 at 2. Membreno worked for TGI Fridays in Silver Spring, Maryland, which was owned and operated by Defendants Atlanta Restaurant Partners, LLC ("ARP"), Jackmont Hospitality, Inc. ("Jackmont Hospitality"), and Jackmont Administrative Services, LLC ("Jackmont Administrative") (collectively, "Defendants"). *Id.* ¶¶ 3, 7, 13. During 2018, Defendants had 15

---

[1] For the purpose of a Rule 12(b)(6) motion to dismiss, the Court construes the averred facts in the Amended Complaint as true and most favorably to Plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

or more employees on each working day for at least 20 weeks and at least 15 employees reflected in payroll records. *Id.* ¶¶ 20–21.

ARP is a limited liability company in Georgia. *Id.* ¶ 3. Its members and owners are Daniel Halpern and Brooke Jackson Edmond. *Id.* ¶¶ 3, 18. From 2015 to 2016, ARP paid wages to Membreno and was listed as an employer on her W-2 forms. *Id.* ¶ 15.

Jackmont Hospitality is a Georgia corporation headquartered in Atlanta, Georgia. *Id.* ¶ 6. Its shareholders, officers, and owners are also Daniel Halpern and Brooke Jackson Edmond. *Id.* ¶¶ 6, 18, 19. Jackmont Hospitality provides management services for ARP. *Id.* ¶ 8. On its website, Jackmont Hospitality advertises and recruits for jobs at the Silver Spring location of TGI Fridays. *Id.* ¶ 9. One of the jobs advertised by Jackmont Hospitality was for the "General Manager," to oversee hiring, firing, wage increases, and other employee-related issues and manage the day-to-day restaurant operations. *Id.* ¶¶ 9–10. In 2017, Jackmont Hospitality issued Membreno her final paycheck. *Id.* ¶ 12.

Jackmont Administrative is a limited liability company with its primary office located in Georgia. *Id.* ¶ 5. Its members and owners are Daniel Halpern and Brooke Jackson Edmond. *Id.* ¶¶ 5, 18. From 2007 to 2015, Jackmont Administrative paid wages to Membreno and was listed as an employer on her W-2 forms. *Id.* ¶ 14.

In late 2007, Membreno, a transgender woman, was hired by TGI Fridays General Manager, "Patricia,"[2] to work in the kitchen. *Id.* ¶¶ 35, 41–42. During this interview, Membreno dressed in men's clothing. *Id.* ¶ 42. After she was hired, Membreno wore women's clothing to work, used the women's restroom, and requested that her colleagues call her Diana. *Id.* ¶ 43. Membreno asserts that despite this request, Patricia repeatedly referred to her as a

---

[2] Membreno's Amended Complaint does not provide a surname for Patricia. *See* ECF No. 21-1 ¶¶ 42–48.

"man," told Membreno that she was no longer allowed to use the women's restroom and was often hostile towards Membreno. *Id.* ¶¶ 44, 46. Patricia also allegedly cut back Membreno's scheduled working days from four to two days a week "for no apparent reason." *Id.* ¶ 47. Additionally, Roberto Lainez ("Lainez"), who was promoted to Kitchen Manager in 2015, was hostile towards Membreno and refused to recognize her as a woman. *Id.* ¶ 52. Lainez referred to Membreno as "he" and "him," and repeatedly called her "culero," a slang term for "faggot." *Id.* ¶ 52. He also announced that she makes too much money for "what she is." *Id.* ¶ 59. On one occasion, Lainez physically pushed her. *Id.* ¶ 53.

In late December 2016, Membreno, to her surprise, discovered that she was not scheduled to work. *Id.* ¶ 66. She contacted John Faison, a Jackmont Hospitality employee, to ask about the change in her schedule but received no response. *Id.* ¶ 68. Then on January 4, 2017, Membreno was terminated by Lainez and TGI Fridays General Manager Kendrick Pittman, purportedly because she did not find coverage for her shift scheduled on December 24, 2016, Christmas Eve, even though she had followed proper protocol regarding the shift change. *Id.* ¶ 70.

Shortly after her termination, in March of 2017, Plaintiff timely filed a charge of discrimination based on sex and gender identity with the Maryland Commission on Civil Rights ("MCCR"), which was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 26. In this charge, Membreno listed "TGI Fridays" as her employer. *Id.* Erica Mason, an attorney currently representing all Defendants in this matter, responded to the charge on behalf of "Respondent TGI Fridays." *Id.* ¶¶ 28–29.

Membreno then filed suit in the Circuit Court for Montgomery County against Defendants, alleging violations of Montgomery County Human Rights Law and the Maryland Fair Employment Practices Act ("MFEPA"). ECF No. 21-1 at 2. Membreno brought no federal

3

claims.

Defendants timely noted removal based on diversity jurisdiction. ECF No. 1. In response, Membreno moved to remand the action. ECF No. 13. ARP answered the Complaint (ECF No. 2), and Defendants Jackmont Administrative and Jackmont Hospitality (collectively, the "Jackmont Defendants") moved to dismiss the Complaint for failure to state a claim. ECF No. 12. Membreno moved to amend her Complaint in response to Jackmont Defendants' motion to dismiss. ECF No. 21. The Court addresses each motion in turn.

**II.     Motion to Remand**

This Court, as one of limited jurisdiction, may hear only civil cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction is proper where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC,* 781 F.3d 693, 704 (2015). Where diversity jurisdiction is proper, a defendant may remove the case to federal court pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Because removal "raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151; *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court."). The defendant, as the removing party, bears the burden of "demonstrating the court's jurisdiction over the matter." *See Md. Stadium Auth. v. Ellerbe Becket, Inc.,* 407 F.3d 255, 260 (4th Cir. 2005); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

4

Membreno primarily contends that remand is warranted because Defendants ARP and Jackmont Administrative have not adequately demonstrated that complete diversity exists. ARP and Jackmont Administrative are limited liability companies whose citizenship is determined by the citizenship of their members. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). At the time of removal, ARP and Jackmont Administrative failed to disclose the citizenship of their members. However, each has since filed amended corporate disclosures that reflect their members are citizens of Georgia. ECF Nos. 15-17.[3] Although, customarily, defects in the notice of removal cannot be cured after the thirty-day period for noting removal has passed, S*chaftel v. Highpointe Bus. Tr.,* No. WMN–11–2879, 2012 WL 219511, at *2 (D. Md. Jan. 24, 2012), courts permit defendants to cure an imperfect statement of citizenship outside of this period. *Id.*; 28 U.S.C. § 1653 (allowing "[d]efective allegations of jurisdiction" to be amended); *see also Nutter v. New Rents, Inc.*, 945 F.2d 398 (Table), 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991) (permitting amendment where notice of removal failed to state principal place of business). This Court will follow suit. Defendants shall have **14 days** from the date of this Opinion and Order to file a corrected Notice of Removal reflecting the correct citizenship of its members.

The motion to remand is denied.

### III.     Sufficiency of the Amended Complaint

Membreno has moved to amend the Complaint in response to Defendants' motion to dismiss, primarily to buttress her claims against the Jackmont Defendants on a joint-employer

---

[3] Membreno argues that Defendants' failure to file accurate corporate disclosures pursuant to Local Rule 103.3 constitutes a separate justification for remand. ECF No. 13. However, "[e]rrors in a Rule 103.3 disclosure . . . while troubling, do not compel remand." *Mott v. Accenture, LLP,* No. PX-17-0231, 2017 WL 3267611, at *3 (D. Md. July 13, 2017); *see also Bluebell Bus. Ltd. v. Jones*, No. RDB 17-2150, 2018 WL 3740694, at *15 (D. Md. Aug. 7, 2018) (allowing amendment of defective Rule 103.3 disclosure). The Court notes that Defendants did ultimately comply with the Local Rule and have demonstrated sufficient basis for this Court to exercise diversity jurisdiction. *See* ECF Nos. 15–18.

5

theory of liability. Defendants have opposed the motion, arguing that the Amended Complaint fails to state a claim on which relief may be granted. Because amendment of the Complaint shall be freely granted "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), the Court grants the amendment.

However, Defendants argue that the Amended Complaint still fails to aver plausibly that the Jackmont Defendants were a joint employer of Membreno. ECF No. 24. Defendants also maintain that dismissal is warranted because Membreno failed to exhaust administrative remedies. *Id.* The Court assesses whether the Amended Complaint survives these challenges.

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally may not consider extrinsic evidence. *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). However, the Court may consider documents, including EEOC charges, attached to a motion if "integral to and explicitly relied on in the complaint." *Id.* at 606–07 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Marshall v. Anne Arundel Cty., Md*, No. ELH-18-74, 2019 WL 568676, *5 (D. Md. Feb. 12, 2019).

### B. Joint Employers

The Jackmont Defendants argue that the Amended Complaint fails to aver sufficient facts to confer on them joint employer status. MFEPA defines an "employer" as a person engaged in an industry or business that "has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year" or an agent of a person previously described. Md. Code Ann., State Gov't § 20-601(d). The relevant Montgomery County code defines employer as "any person who employs one or more individuals in the County, either for compensation or as a volunteer [including] a person who recruits an individual in the County to apply for employment in the County or elsewhere." Montgomery Cty. Code § 27-6.

The Jackmont Defendants do business in Montgomery County, Maryland through their relationship with TGI Fridays. ECF No. 21-1 ¶¶ 9–22. In this capacity, they employed 15 or more employees for each working day of 20 or more calendar weeks. *Id.* Thus, Membreno has sufficiently alleged that the Jackmont Defendants meet the definition of employer under MFEPA. The Jackmont Defendants also paid their employees and recruited individuals to apply for employment through their advertisements, all for the TGI Fridays Silver Spring location. *Id.* ¶¶ 9–11, 42. Based on these allegations, Defendants also meet the definition of employer under Montgomery County law. *See Pearson v. Prof'l 50 States Prot., LLC,* No. RDB–09–3232, 2010 WL 4225533, at *4 (D. Md. Oct. 26, 2010) (presuming that when plaintiff lists allegations relating to defendants in the plural, those allegations apply to each defendant individually).

Jackmont Defendants contend, however, that even if they fall within the statutory definition of employer, they did not jointly employ Membreno with ARP. ECF No. 24 at 8–9. Joint employer status turns on whether the entities share control over the employee. *Butler v.*

7

*Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 414–15 (4th Cir. 2015). To ascertain whether an entity is properly considered a joint employer, courts consider whether the putative employer:

> (1) [has] authority to hire and fire the individual; (2) day-to-day supervision of the individual, including employee discipline; (3) whether the putative employer furnishes the equipment used and the place of work; (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes; (5) the length of time during which the individual has worked for the putative employer; (6) whether the putative employer provides the individual with formal or informal training; (7) whether the individual's duties are akin to a regular employee's duties; (8) whether the individual is assigned solely to the putative employer; and (9) whether the individual and putative employer intended to enter into an employment relationship.

*Id.* at 414. Although none of these factors are dispositive, three are most significant: the power to hire and fire the employee, daily supervision of the employee, and where and how the work takes place. *Id.* Notably, the question of joint employment is "highly fact-specific" and must encompass "the broadest possible set of considerations in making a determination of which entity is an employer." *Id.*

Viewing the facts in the Amended Complaint as true and most favorably to Membreno, the Court finds that Jackmont Hospitality is clearly a joint employer with ARP. Jackmont Hospitality retained authority to hire and fire employees at the TGI Fridays; it also advertises for job openings at the restaurant to include the position of "*Jackmont* General Manager." ECF No. 21-1 ¶¶ 9–11 (emphasis added). That General Manager, in turn, retains the specific responsibility to hire, fire and supervise TGI Fridays employees. *Id.* ¶ 10. Patricia, the General Manager of the Silver Spring TGI Fridays, was presumably hired by Jackmont Hospitality consistent with these advertisements. Patricia in turn hired Membreno, and another similarly situated General Manager fired Membreno. *Id.* ¶¶ 42, 67, 70. Based on these allegations, Jackmont Hospitality retained control over hiring and firing at the TGI Fridays. *Cf. Lora v. Ledo*

8

*Pizza Sys. Inc.*, No. DKC 16-4002, 2017 WL 3189406 at *6 (D. Md. July 27, 2017) (analyzing two businesses with a "franchisor-franchisee affiliation" and finding that a defendant's employee having "at least some power" to hire and fire weighs in favor of joint employer status).

Similarly, the Jackmont General Managers were responsible for the "day-to-day" operations of the restaurant. ECF No. 21-1 ¶ 10. Membreno complained to two general managers about Lainez, and both said they would "look into" the situation. *Id.* ¶¶ 58, 67. Patricia particularly controlled and coordinated Membreno's schedule and shift hours. *Id.* ¶¶ 44, 47. John Faison, an employee of Jackmont Hospitality, was a point-of-contact "about [Membreno's] hours and her job." *Id.* ¶ 68.[4] Faison "direct[ed] the operations" of the TGI Friday's during Membreno's employment. *Id.* ¶ 69. Accordingly, Jackmont Hospitality exerted direct supervisory control over Membreno and other employees. *Cf. Akwei v. Burwell*, No. DKC 15-1095, 2016 WL 3440125, at *6 (D. Md. June 23, 2016) (finding day-to-day supervision where defendant "directed and coordinated" plaintiff's tasks, approved plaintiff's request for leave, and assessed plaintiff's job performance). Jackmont Hospitality also issued Membreno her last paycheck (ECF No. 21-1 ¶ 12), reflecting that Jackmont Hospitality exerted control, in whole or in part, over her compensation. *See Marshall*, 2019 WL 568676, at *8 (finding that paying plaintiff's salary strengthened the inference that defendant was a joint employer).

Taken together, the factual averments in the Amended Complaint plausibly demonstrate

---

[4] The Court notes that as to Faison, his W-2 identifies ARP as his employer, not Jackmont Hospitality. ECF No. 24 at 8 n.3. Although this may prove important evidence that Faison did not act as an agent for Jackmont Hospitality, this fact alone is not dispositive. Moreover, at the motion to dismiss stage, the Court considers only extrinsic evidence that is "integral to and explicitly relied on in the complaint." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Faison's W-2 goes beyond that which this Court may fairly consider as "integral" to the Complaint. *See Garnes v. Maryland*, No.: RDB-17-1430, 2018 WL 276425, at *3 (D. Md. Jan. 3, 2018) ("A document is integral when its very existence, and not the mere information it contains, gives rise to the legal rights asserted.") (citation and quotation marks omitted).

that Jackmont Hospitality is a joint employer with ARP. *See Dreher v. Maryland*, No. GLR-17-3832, 2019 WL 528192, at *5 (D. Md. Feb. 11, 2019). The motion to dismiss as to Jackmont Hospitality is denied.

Jackmont Administrative compels a different result. The Amended Complaint avers broad, conclusory allegations that Jackmont Administrative is an "agent" of ARP and issued Membreno's W-2s during her employment. ECF No. 21-1 ¶¶ 13–14. This alone is insufficient to pull Jackmont Administrative under the joint employer umbrella. *See Robinson v. City of Alexandria*, No. 1:16-CV-00855-GBL-JFA, 2016 WL 8735621, at *4 (E.D. Va. Dec. 2, 2016) (finding insufficient control where only allegations of defendant paying and "generally managing" plaintiff were presented). The claims are dismissed against Jackmont Administrative, however without prejudice. To the extent discovery demonstrates this Defendant exerted more significant control over Membreno's employment, Membreno may seek leave of this Court to add Jackmont Administrative to the action.

### C. Failure to Exhaust Administrative Remedies

Defendants next contend that Jackmont Hospitality must be dismissed for failure to exhaust administrative remedies. ECF No. 24 at 5. The plaintiff may file suit only against "'the respondent named in the administrative charge.'" *Mayo v. Questech, Inc.*, 727 F. Supp. 1007, 1010 (E.D. Va. 1989) (quoting 42 U.S.C. § 2000e-5(f)(1)); *see also Marshall*, 2019 WL 568676, at *10 ("[T]he MFEPA incorporate[s] the exhaustion procedures of Title VII."); *Dyer v. Oracle Corp.*, No. PWG-16-521, 2016 WL 7048943, at *2 n.5 (D. Md. Dec. 5, 2016) (analyzing MFEPA and Montgomery County Human Rights Act claims together). The purpose of the naming requirement is to provide notice to the charged party and allow that party the opportunity to conciliate claims voluntarily. *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d

457, 460 (4th Cir. 1988). However, because "charges are to be liberally construed" in favor of extending the statutory protections to the employee, this naming requirement is relaxed where a sufficient identity of interests exists between the named and unnamed parties. *Mayo*, 727 F. Supp. at 1011. If the purpose of the naming requirement is "substantially met," failure to include a defendant by specific name in the administrative charge does not bar subsequent civil suit. *Weide v. Mass Transit Admin.*, 628 F. Supp. 247, 249 (D. Md. 1985). The identity of interests test focuses on four factors: "(1) similarity of interests between named and unnamed parties; (2) ability of the plaintiff to ascertain the unnamed party at the time of the EEOC charge; (3) notice of the EEOC charge by the unnamed party; and (4) prejudice." *Zhang v. Sci. & Tech. Corp.*, 332 F. Supp. 2d 864, 867 (D. Md. 2004) (citing *Thomas v. Bet Sound–Stage Restaurant/BrettCo, Inc.*, 61 F. Supp. 2d 448, 457–58 (D. Md. 1999)).

The Court finds at this stage a sufficient identity of interests between Jackmont Hospitality and ARP to allow the claims to proceed. The Defendants admit that both Jackmont Hospitality and ARP are "TGI Friday's franchisees . . . and operate out of the same home office within the same [] family of companies." ECF No. 12 at 8; ECF No. 21-1 ¶¶ 3, 6. ARP's members, Daniel Halpern and Brooke Jackson Edmond, are also shareholders, owners, and officers of Jackmont Hospitality. ECF No. 21-1 ¶¶ 3, 6, 18, 19. And Jackmont Hospitality "provides management services" for ARP. *Id.* ¶ 8; *see also Thomas*, 61 F. Supp. 2d at 458 (finding a similarity of interests where unnamed defendant managed named defendant). The Court is hard pressed to see how notice of the administrative charge to ARP would not also reach Jackmont Hospitality.

Defendants further concede that Membreno "may have been confused about the relationship between the parties" precisely because of their interconnected relationship. ECF No.

11

12 at 8. Membreno understandably listed TGI Fridays in the charge because "she worked at a restaurant with that name." *EEOC v. Bouzianis, Inc.*, No. RDB 06–2520, 2007 WL 2258898, at *6 (D. Md. Aug. 2, 2007); *see also Alvarado*, 848 F.2d at 460. Accordingly, Membreno's failure to include Jackmont Hospitality by name in the administrative charge was a reasonable mistake and will not bar suit as to Jackmont Hospitality.

The motion to dismiss as to Jackmont Hospitality is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is denied, Plaintiff's motion to amend is granted, and Defendants' motion to dismiss is granted without prejudice as to Jackmont Administrative but denied in all other respects. A separate Order follows.

| | |
|---|---|
| 7/23/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |